THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CLAUDIO MORAIS DOS SANTOS,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>LEVY PREMIUM FOOD SERVICE LIMITED PARTNERSHIP, *et al.*,<br><br>　　　　　　Defendants. | CASE NO. C22-1170-JCC<br><br>MINUTE ORDER |

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

This matter comes before the Court *sua sponte*. The Court must dismiss a complaint if it appears that it has no jurisdiction to proceed. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.") A review of Plaintiff's complaint reveals inadequate allegations to support this Court's jurisdiction.

First, Plaintiff must identify the basis for subject matter jurisdiction. Federal courts generally possess two types of subject matter jurisdiction—federal question jurisdiction and diversity of citizenship jurisdiction. In Section II of the complaint, Plaintiff checked the box for "Federal question" as the basis for federal court jurisdiction. (Dkt. 1 at 3.) This exists when a

plaintiff's claim arises "under the Constitution, law, or treaties of the United States." 28 U.S.C. § 1331. It is unclear from the face of the complaint what federal statute or constitutional provision provides Plaintiff the basis to file suit. Plaintiff must list the specific federal statutes, federal treaties, and or provisions of the United States Constitution that are at issue in this case, *i.e.*, Title VII of the Civil Rights of 1964, 42 U.S.C. § 2000(e); the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*; the private right of action created by 42 U.S.C. § 1983, or some other statute. Note, most discrimination suits based on federal employment law require that a complaint first be filed with the Equal Employment Opportunity Commission (EEOC), and a right to sue letter issued before this Court could consider claims based on such conduct. Said another way, for those who feel they have suffered discrimination in the workplace, filing a charge of discrimination with the EEOC is a jurisdictional prerequisite to successfully litigating such a claim before this Court.

Second, Plaintiff must plead facts demonstrating their lawsuit is based on the Constitution, laws, or a treaty of the United States. In doing so, Plaintiff must comply with the pleading requirement of the Federal Rules of Civil Procedure, which requires "a short and plain statement of the grounds for the court's jurisdiction[.]" Fed. R. Civ. P. 8(a)(1). In Section III of the complaint, Plaintiff alleges that he faced "discrimination, loss of pay, assault at work place, abuse, bulling, retaliation, hired to a non existent position." [sic] (Dkt. No. 1 at 5.) It is not enough to state conclusory terms such as "discrimination" or "retaliation." Plaintiff must briefly describe the facts that support the claim to establish the violation of federal and law resulting in the Court's subject matter jurisdiction. Moreover, Plaintiff fails to adequately allege *which* Defendant is responsible for *which* act and *how* the acts violated Plaintiff's federal or constitutional rights. (*See generally id.*)

Additionally, the Court notes that to state a claim for relief, a pleading must also contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must be sufficient to "give the defendant fair notice of what

MINUTE ORDER
C22-1170-JCC
PAGE - 2

the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint, as filed, fails to do so.

Based on the above, the Court declines to order Plaintiff's summons and complaint be served as written or to appoint counsel. Plaintiff is ORDERED to show cause why this Court has subject matter jurisdiction. Plaintiff may do so by filing an amended complaint within thirty (30) days of the issuance of this order. If, in the amended complaint, Plaintiff fails to state sufficient facts to support a cognizable legal theory, the complaint will be dismissed.

The Clerk is DIRECTED to mail a copy of this order to Plaintiff.

DATED this 23rd day of August 2022.

Ravi Subramanian
Clerk of Court

s/Sandra Rawski
Deputy Clerk
